# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re:

Jesse Basich,

        Debtor.

A CHAPTER 11 PROCEEDING

Case No. 16-39834

Judge: Honorable Jacqueline P. Cox

**Hearing Date: January 19, 2017**
**Hearing time:   9:30 am.**

## NOTICE AND MOTION TO IMPOSE THE AUTOMATIC STAY

**PLEASE TAKE NOTICE** that on January 19, 2017 at 9:30 a.m., or as soon thereafter as Counsel may be heard, I shall appear before the Honorable Jacqueline P. Cox, or any such other Judge Presiding in her stead, in Courtroom 680, of the Everett McKinley Dirksen United States Courthouse, located at 219 S. Dearborn Street, Chicago, Illinois 60604, and shall then and there present the attached Motion to Extend the Automatic Stay, pursuant to 11 U.S.C. §362(c)(3)(B) a true and correct copy of which is attached hereto and served upon you herewith by this Notice. You may appear if you choose.

Dated this 12th Day of January, 2017

Respectfully submitted,

J. Kevin Benjamin, Esq.
Benjamin | Brand | LLP
1016 West Jackson Blvd.
Chicago, Illinois 60607-2914
Phone: (312) 853-3100
ARDC #: 6202321

Benjamin | Brand | LLP

By: /s/ J. Kevin Benjamin
Attorney for the Debtor

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

In re:

Jesse Basich,

       Debtor.

**A CHAPTER 11 PROCEEDING**

Case No. 16-39834

Judge: Honorable Jacqueline P. Cox

**Hearing Date: January 19, 2017
Hearing time:   9:30 am.**

**MOTION TO EXTEND THE AUTOMATIC STAY**

*NOW COMES* Jesse Basich (the "Debtor"), by and through his attorneys, J. Kevin Benjamin and Benjamin | Brand | LLP ("Counsel") and pursuant to 11 U.S.C. §362(c)(3)(B) move this Honorable Court for an entry of an Order Extending the Automatic Stay in this titled case as to all creditors for the life of the case or until the instant case is closed, (the "Motion"), and in support thereof states as follows:

**JURISDICTION & VENUE**

1. The United States Bankruptcy Court for the Northern District of Illinois (the "Court") has Jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 157, 1334; Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The predicate for the relief requested herein is §362(c)(3)(A) & (B) of the Bankruptcy Code.

5. The Debtor filed the above captioned voluntary Chapter 11 on December 20, 2016, (the "Petition Date"). The Debtor had previously filed for relief under Chapter 13 by a voluntary petition filed on March 22, 2016 as case number 16-09716 (the "Prior Case"), within the previous 1-year period to the filing of the instant chapter 11, which was dismissed July 8, 2017.

6. The Bankruptcy Code provides that an automatic stay goes into effect immediately upon the filing of a bankruptcy case and prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case[.]" 11 U.S.C. § 362(a)(6).

7. Pursuant to 11 U.S.C. § 362 (c)(3)(A), the automatic stay under §362(a) will terminate within thirty (30) days after filing when a prior case filed by debtors under chapters 7, 11, or 13 was dismissed within one year of the current bankruptcy filing.

8. Pursuant to 11 U.S.C. § 362(c)(3)(B), debtors may move the court to extend the automatic stay beyond the thirty day period and here the Debtor seeks under §362(c)(3)(B), to extend the automatic stay as to all creditors for the life of the Plan or until the instant case is closed.

9. The Debtor alleges that the filing of this current case is in good faith and that the presumption that the case is filed not in good faith under §362(c)(3)(c) does not arise in this case.

### *Grounds for Motions to Extend or Impose the Stay*:

10. Most courts have applied the relevant standards in their own circuits for making determinations of good faith – usually some variation of the "Totality of Circumstances Test". In the 7th Circuit, the biggest factor typically considered in making good faith determinations has been whether or not there is a "change in circumstances" since the failure of the prior case, which would make the current case more likely to succeed. Some of the salient good faith cases decided

in the 7th, at least under the old law, include: *In the Matter of Kenneth W. Smith*, 848 F.2d 813 (7th Cir. 1988); *In the Matter of Love*, 957 F.2d 1350 (7th Cir.1992), and *In re Edward Smith*, 286 F.3d 461 (7th Cir. 2002).

11. Debtor has filed and undertaken this matter in good faith with the intent to propose a confirmable plan and successful reorganization of his debts.

12. The prior dismissal was not for any reasons that involved bad faith. The dismissal was based upon an objection from the chapter 13 trustee as related to an investment property in Chicago and was not related to the Debtor's primary residence.

13. The Debtors spouse, Adelaida Basich, ("Adelaida") previously filed a chapter 13 on August 30, 2016, as case number 16-27719 which was dismissed on October 7, 2016. In that case Counsel was out of the country for a time in August and upon return there was a sale date. Crown Mortgage had reached out to see if a resolution could be worked out without having to refile around the time Counsel was preparing to leave and gone. Upon return with the sale date and very little time to resolve anything an emergency petition was filed at which time it was believed we could either discuss with Crown Mortgage and also have time to update any financial or other changes in the Debtor's household.

14. Accordingly while that was being done a motion to extend the time to file documents was filed for the reason that the Debtor and Adelaida live in Volo, which is far away and they care for their disabled daughter and its not always easy for them or any of them individually to come to the office and she could not keep her appointments to come down to review and file the documents. The motion only asked for a few days but that time period expired when the motion was heard. Adelaida did in fact review and sign the balance of filing but that was done after the few day extension request due to Adelaida's schedule. At the hearing on the motion to extend all the documents had been filed and the filing verified by Judge Goldgar in court. However the

4

chapter 13 trustee objected to the extension since the motion sought a time that had expired before the hearing and the chapter 13 trustee had already filed a motion to dismiss and that Court then denied the motion to extend and concurrently dismissed her chapter 13. So the court docket will read that the case was dismissed for failure to file documents officially but as far as any good faith issue the fact is they were filed. This is just to point out to this Court that Adelaida did review, and sign and file her documents, not that she had filed that case with no intention of doing so.

15. The Debtor has recently completed the loss mitigation packet which was submitted to his primary mortgage lender, Crown Mortgage, and requested review of his loss mitigation options.

16. Additionally the Debtor has contacted professionals to re-evaluate the values of his personal residence and investment property and is obtaining repair estimates as well to be used for the Chapter 11 plan evaluation and also to give to Crown Mortgage Company as part of the loss mitigation review and to further eliminate or resolve any potential issue that the investment property would cause to the chances of proposing a confirmable plan.

17. The Debtor has also has tenants at the investment property and may raise the rent accordingly for the benefit of his financial circumstances and to be used to help fund a feasible chapter 11 plan and/or to obtain a favorable review from Crown Mortgage on his loss mitigation application that has been forwarded to Crown Mortgage already.

18. The Debtor had been making payment to the chapter 13 trustee in his previous case and appeared at his chapter 13 section 341 meeting and had otherwise complied with his duties and obligations of a Debtor in relation to the Prior Case.

19. Counsel for the Debtor has been in contact with some creditors already in relation to Crown Mortgage, the first lien holder on the primary residence and largest secured creditor, to see what would be needed for them to accept a restructuring plan and therefore vote for the plan to be

filed, showing Debtors good faith efforts in the instant chapter 11. This offer to Crown Mortgage offered an alternative option, that would have the Debtor voluntarily surrender the primary residence in full satisfaction of the loan. Counsel for Crown Mortgage is conveying parameters discussed between the parties and we are waiting on an answer as of the time of the filing of this Motion.

20. This was a good faith offer acknowledging that Crown Mortgage may further deny the Debtors loss mitigation request which the loss mitigation packet has been completed and submitted.

21. Crown Mortgage has previously filed a motion requesting relief from the automatic stay that was set previously for January 4, 2017. As part of Counsel reaching out to creditors on behalf of the Debtor and discussing potential plan resolutions the attorney for Crown Mortgage, agreed to continue that matter while he conveys the proposal discussed and did in fact then have their motion continued until February 9, 2016 at 10:00 am.

22. However the Debtor needs to have this Motion heard on January 19, 2017 as the 30-day deadline will expire.

23. Therefore Debtor is filing this Motion and will proceed to have it extended on January 19, 2017 as to any creditors who do not object, with one exception. As to Crown Mortgage the Debtor will seek to have the automatic stay extended as to Crown Mortgage to and through February 9, 2017, the date they graciously continued their own motion to, which gives the parties that extra time to attempt to resolve the issues they have been discussing

24. These substantial changes and issues that have been pointed out may allow the Debtor to file an effective plan for reorganization and further represents evidence of the Debtor's good faith filing.

25. That the issue with the dismissal in the Prior Case was not related to any income or the

budget of the Debtor.

26. By the reasons set forth herein the Debtor has established the present case was filed in good faith and in applying § 362(c)(3), to the matter at hand the court should determine this is a good faith filing and grant the Debtors motion to extend the stay as to all creditors.

WHEREFORE, Debtor(s), pray this Honorable Court for the entry of an order to extend the Automatic Stay pursuant to 11 U.S.C. §362(c)(3)(B), as to all creditors for the life of the case or until the case is closed and for such other, further, additional or alternative relief that this Court deems just, proper or necessary under the circumstances.

Dated this 12th Day of January, 2017          Respectfully submitted,

J. Kevin Benjamin, Esq.          Benjamin | Brand | LLP
Benjamin | Brand | LLP
1016 West Jackson Blvd.          By: /s/ J. Kevin Benjamin
Chicago, Illinois 60607-2914          Attorney for the Debtor
Phone: (312) 853-3100
ARDC #: 6202321