**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>Jesse Basich<br><br>         Debtors. | A CHAPTER 11 PROCEEDING<br><br>Case No. 16-39834<br><br>Judge: The Honorable Jacqueline P. Cox<br><br>Hearing Date:  February 28, 2018<br>Hearing Time:  10:00 a.m. |

### NOTICE OF MOTION FOR ENTRY OF FINAL DECREE

TO:    See attached service List

**TO ALL CREDITORS AND PARTIES IN INTEREST OF THE DEBTOR, PLEASE TAKE NOTICE** that on the 28th day of February, 2018 at 10:00 a.m., or as soon thereafter as Counsel may be heard, I shall appear before the Honorable Judge Jacqueline P. Cox, or any such other Judge Presiding in her stead, in Courtroom 680**,** of the Everett McKinley Dirksen United States Courthouse, located at 219 S. Dearborn Street, Chicago, Illinois 60604, and shall then and there present the attached **MOTION FOR ENTRY OF FINAL DECREE** a true and correct copy of which is attached hereto and served upon you herewith by this Notice. YOU MAY APPEAR IF YOU SO CHOOSE.

**(THIS MATTER IS ALREADY SET FOR STATUS**
**AT THIS SAME TIME AND PLACE).**

Dated this 7th Day of February, 2018                    Respectfully submitted,


                                                          By: /s/ J. Kevin Benjamin
                                                          Attorney for the Chapter 11 Estate

J. Kevin Benjamin, Esq.
(ARDC #: 6202321)
Theresa S. Benjamin, Esq.
(ARDC #: 6230425)
Benjamin | Brand | LLP
1016 West Jackson Blvd.
Chicago, Illinois 60607-2914
Phone: (312) 853-3100

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | **A CHAPTER 11 PROCEEDING** |
| Jesse Basich | Case No. 16-39834 |
| Debtors. | Judge: The Honorable Jacqueline P. Cox |
| | Hearing Date: February 28, 2018 |
| | Hearing Time: 10:00 a.m. |

**CERTIFICATE OF SERVICE BY**
**THE CM/ECF SYSTEM AND REGULAR FIRST-CLASS MAIL**

I, the undersigned, an attorney, certify that pursuant to Local Rule 9013-1(D)(4), and in accordance with the Administrative Procedures for the Case Management/Electronic Case Filing System, that on the date set forth below I caused a copy of the foregoing NOTICE OF MOTION and MOTION to be filed and served on all parties identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other parties as indicated and set forth on the attached Service List by First Class Mail to the addresses shown by mailing a copy of same in an envelope properly addressed, with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois on February 7, 2018.

Dated this 7th Day of February, 2018                    Respectfully submitted,

                                                        By: /s/ J. Kevin Benjamin
                                                        Attorney for the Chapter 11 Estate

J. Kevin Benjamin, Esq.
(ARDC #: 6202321)
Theresa S. Benjamin, Esq.
(ARDC #: 6230425)
Benjamin | Brand | LLP
1016 West Jackson Blvd.
Chicago, Illinois 60607-2914
Phone: (312) 853-3100

2

# ELECTRONIC SERVICE LIST

### (Registrants Served Through the Court's Electronic Notice for Registrants):

Pursuant to Local Rule 9013-1(D)(4), and in accordance with the Administrative Procedures for the Case Management/Electronic Case Filing System, electronic filing of a document constitutes service on any person who is a Registrant entitled to file documents using the Case Management/Electronic Case Filing System and who has filed a document in the case in electronic format via the System. Any Creditor, Registrant or Party in Interest whom is a registrant with the Bankruptcy Court's Electronic Case Filing system, and has registered to, or is otherwise set to receive notices on this particular matter, will receive an electronic notice upon the filing of this instrument.

### Notice will be electronically mailed to:

16-39834 Notice will be electronically mailed to:

Peter C Bastianen on behalf of Creditor Crown Mortgage Company
ND-Four@il.cslegal.com

Michael Dimand on behalf of Creditor Pontus
mdimand@aol.com, bankruptcyfilings@wirbickilaw.com

Ronald J. Kapustka on behalf of Creditor Remington Pointe Master Association
ndaily@ksnlaw.com, bankruptcy@ksnlaw.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Gloria C Tsotsos on behalf of Creditor Crown Mortgage Company
nd-two@il.cslegal.com

### SERVICE LIST FOR PARTIES IN INTEREST SERVED BY U.S. MAIL

### DEBTOR(S)

Jesse Basich
3260 W Beach Ave
Chicago, IL 6051-2431

### OTHER CREDITORS

Advocate Medical Group
POB 92523
Chicago, IL 60675

AT&T
POB 5014
Carol Stream, IL 60197

1 AT&T
POB 5014
2 Carol Stream, IL 60197

3
Codilis & Associates, P.C.
4 15W030 North Frontage Road
Suite 100
5 Burr Ridge, IL 60527

6
ComEd
7 POB 6111
Carol Stream, IL 60197-6111

8
Crown Mortgage Company
9 Attn: Loss Mitigation Department
6141 W. 95th Street
10 Oak Lawn, IL 60453

11
FCI Lender Services, Inc.
12 POB 27370
Anaheim, CA 92809-0112

13
First Financial Credit Union
14 5550 West Touhy Avenue
Suite 102
15 Skokie, IL 60077-3254

16
First Financial Credit Union
17 2942 W Peterson Avenue
Chicago, IL 60659
18

19 Illinois Department of Revenue
Bankruptcy Section
20 POB 64338
Chicago, IL 60664-0338
21

22 Internal Revenue Service
Centralized Insolvency Operation
23 PO Box 7346
Philadelphia, PA 19101-7346
24

Kohls/Capital One
25 Po Box 3120
Milwaukee, WI 53201
26

27 Lake Cook Orthopedic Association
POB 66080
28

1  Chicago, IL 60666-0080

2  Nicor Gas/Peoples Gas
   POB 5407
3  Carol Stream, IL 60197

4

   Pontus Investment Portfolio III, LLC.
5  875 Prospect St. Suite 303
   La Jolia, CA 92037
6

   Remington Pointe Master Association
7  c/o Robert P. Nesbit, Reg Agent
   750 Lake Cook Road, Suite 350
8  Buffalo Grove, IL 60089

9

   Remington Pointe Master Association
10 5999 S. New Wilke Road, #108
   750 Lake Cook Road, Suite 350
11 Rolling Meadows, IL 60008

12
   Synchrony Bank/Walmart
13 Attn: Bankruptcy Po Box 103104
   Roswell, GA 30076
14

15 Village of Volo
   500 S. Fish Lake Road Volo, IL 60073
16
   Walmart Credit Card
17 POB 129
   Linden, MI 48451
18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re:

Jesse Basich

      Debtors.

A CHAPTER 11 PROCEEDING

Case No. 16-39834

Judge: The Honorable Jacqueline P. Cox

Hearing Date:  February 28, 2018
Hearing Time:  10:00 a.m.

## MOTION FOR ENTRY OF FINAL DECREE

*NOW COMES* the Reorganized Debtor, Jesse Basich, (the "*Debtor*"), by and through his attorneys, J. Kevin Benjamin, Theresa S. Benjamin and the law firm of Benjamin Brand, LLP, and pursuant to Federal Rule of Bankruptcy Procedure 3022, requests that this honorable court enter a Final Decree, and further requests the court enter an order closing this bankruptcy case, with a reservation of jurisdiction to reopen this case for any reason stated in the confirmed chapter 11 Plan and/or Disclosure Statement, (the "Motion"). In support of this Motion the Reorganized Debtor, states as follows:

### I.     JURISDICTION

1.     The United States Bankruptcy Court for the Northern District of Illinois (the "Court") has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 157, 1334; Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

### II.     VENUE

2.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

### III.  CORE PROCEEDING

3. This is a core proceeding within the meaning of 28 U.S.C. §157 (b).

### IV.  PREDICATE FOR RELIEF REQUESTED

4. The predicate for the relief requested herein is Fed. R. Bankr. P. 3022, (the "Bankruptcy Rules").

### V.  SUPPORT FOR RELIEF REQUESTED

5. Federal Rule of Bankruptcy Procedure 3022 provides that "After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022. The advisory committee comments to Rule 3022 additionally state that "Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed."

6. Debtor requests entry of an order closing the bankruptcy case. There are no pending contested matters for the court to resolve and closing the case will allow the estate to save substantial sums on administrative costs, including attorney's fees and quarterly fees. Pursuant to the terms of the Plan, once the payments are complete, the Debtor will seek to reopen the case to have his discharge order entered.

### VI.  BRIEF HISTORY

7. The Debtor filed the instant voluntary petition for relief under Chapter 11 of Title 11, of the United States Bankruptcy Code, on December 20, 2016, (the "*Petition Date*").

8. The Debtor has continued to manage his business and assets and to administer the affairs of his estate as debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

9. There has not been any trustee, examiner or committee of unsecured creditors appointed to serve in this Chapter 11 case.

10. At the time of the filing of this Case the Debtor resided at 232 S. Cornerstone Drive, in Volo, Illinois 60020, in the county of Lake, (the "*Volo Property*"), which was in foreclosure with a pending sheriff sale.

11. The Volo Property was the Debtors primary residence and was encumbered by a first mortgage from Crown Mortgage Company guaranteed by the Veterans Administration and a lien for past due home owners association dues by Remington Pointe Master Association.

12. Though the Debtor originally intended to file a plan to keep the Volo property he changed course when an agreement could not be reached with the lender, Crown Mortgage.

13. After consulting with his Spouse regarding the parameters, the Debtor decided to let the Volo Property go and the Debtor moved from the Volo Property to his investment property located at 3620 W. Beach Avenue, Chicago, Illinois 60651, (the "Chicago Property"), where the Debtor and his Spouse have resided since, where the Chicago Property is now their permanent residence, and where the Debtor then filed his change of address with the Clerk of the U.S. Bankruptcy Court on or about April 26, 2017 [**Dkt. No. 48**].

14. Subsequently negotiations for a deed in lieu of foreclosure were undertaken but the long and short version is the Debtor agreed to surrender the property, moved out, the property was sold at a sheriff sale, the Debtor made no effort to contest the confirmation of the sale and negotiated, through his attorneys, a waiver of any deficiency amount.

15. On November 8, 2017, this honorable court held a hearing and entered an Order pursuant to § 1129 of the bankruptcy code (the "*Confirmation Order*"), approving the disclosure statement and confirming the Debtors Plan of Reorganization (the "*Plan*"), [**Dkt. No. 92**].

16. Subsequently, the Debtors have undertaken those steps necessary to substantially consummate the confirmed Plan as provided under § 1101(2) of Title 11 of the United States Code (the "Bankruptcy Code") which states that *"substantial consummation" means —*

*(A) transfer of all or substantially all of the property proposed by the plan to be transferred;*

*(B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and*

*(C) commencement of distribution under the plan*".

17. More specifically, the Debtors have commenced distribution under the Plan as indicated in **Exhibit 1** attached hereto and made apart hereof. Each of the requirements under § 1101(2) of the Bankruptcy Code is summarized below.

### Transfer of Property

18. The Plan proposes no transfers of property. Accordingly, all property transfers anticipated by the Plan have been completed. (The plan did call for the surrender of the Volo property and as referenced above the property was surrendered, though not transferred directly). Therefore, the Debtors have completed the transfer of all property to be transferred under the Plan.

### Assumption by Debtors of Management of Property

19. The plan provided for the debtors to stay in control of their assets after confirmation. Since the date of confirmation, the debtors have remained in control and have operated pursuant to the terms of the plan.

### Distributions

20. After the effective date, November 23, 2017, the Debtors commenced distributions under the plan. The Debtors have paid all administrative expenses that have come due, and have commenced making payments in accordance with Plan provisions.

21. Thus, each of the three requirements under 11 USC §1101(2) have been fulfilled.

22. All pending motions, contested matters and adversary proceedings have been resolved or will be resolved prior to or concurrently with a hearing on this Motion.

23.    Payment by the Debtor of the final U.S. Trustee fee for the present quarter, through the 1st quarter of 2018, will be paid in conjunction with the Court's approval of this motion

24.    The plan has been substantially consummated.

25.    It is in the interests of judicial economy to enter a Final Decree and an order to close the case.

26.    Debtor hereby request that this Court enter a final decree and to close this bankruptcy case with a reservation of jurisdiction to reopen this case for any reason stated in the confirmed chapter 11 Plan and/or Disclosure Statement.

### VII.    NOTICE

27.    Notice of this Motion has also been served on any other parties as indicated on the service list, and all parties who have requested or receive notice through CM/ECF.  Movant submits that the notice provided is sufficient and appropriate under the circumstances and that no further notice is required.  In light of the nature of the relief requested, Movant requests that this Court find the notice sufficient under the circumstances and waive any further notice requirements.  To the extent that this Court determines otherwise, the Movant requests that further notice be waived and that notice be limited to that already provided.

WHEREFORE, the Reorganized Debtor, Jesse Basich, respectfully requests that this Honorable Court enter the attached proposed order: (a) granting the Debtors' Motion for entry of a Final Decree in this case; (b) closing the case with a reservation of jurisdiction to reopen this case for any reason stated in the confirmed chapter 11 Plan and/or Disclosure Statement; and (c) granting such other and further relief as this court deems just, proper and equitable.

Dated this 7th Day of February, 2018          Respectfully submitted,

                                                  By: /s/ J. Kevin Benjamin
                                                  Attorney for the Chapter 11 Estate

J. Kevin Benjamin, Esq.
(ARDC #: 6202321)
Theresa S. Benjamin, Esq.
(ARDC #: 6230425)
Benjamin | Brand | LLP
1016 West Jackson Blvd.
Chicago, Illinois 60607-2914
Phone: (312) 853-3100